IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DANNY L. WALKINGSTICK, ) | |
| WHITNYE A. FORT, on behalf of ) | |
| themselves and all others similarly ) | |
| situated, ) | |
| ) | JURY DEMAND |
| Plaintiffs, ) | |
| ) | Case No. 6:19-cv-03184-RK |
| v. ) | |
| ) | Hon. Roseann A. Ketchmark |
| SIMMONS BANK, ) | |
| ) | |
| Defendant. ) | |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Danny L. Walkingstick and Whitnye A. Fort, on behalf of themselves and all others similarly situated, by counsel, allege:

### INTRODUCTION

1. Plaintiffs bring this action on behalf of themselves and a class of all others similarly situated against Defendant Simmons Bank ("Simmons") over the improper assessment and collection of Overdraft Fees on accounts that were never actually overdrawn, in breach of Simmons's contracts and its duty of good faith and fair dealing. In the alternative, the practice has unjustly enriched Simmons.

2. Simmons charges accountholders $35 per Overdraft Fee on accounts that were never actually overdrawn.

3. Through the imposition of these fees, Simmons has made substantial revenue to the tune of tens of millions of dollars, seeking to turn its customers' financial struggles into revenue. Plaintiffs, like thousands of others, have fallen victim to Simmons's overdraft fee revenue maximization scheme. Since November 2017, Simmons charged Ms. Fort over $3,700 in Overdraft Fees; indeed, in one month alone, Simmons charged Ms. Fort $560 in Overdraft Fees. And, since October 2018, Simmons charged Mr. Walkingstick nearly $600 in Overdraft Fees.

4. Plaintiffs assert this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated, for damages and other relief arising from Simmons's routine practice of assessing Overdraft Fees on transactions that did not overdraw checking accounts.

## PARTIES

5. Plaintiff Danny L. Walkingstick is a citizen and resident of the State of Missouri, residing in Springfield, and has a checking account with Simmons.

6. Plaintiff, Whitnye A. Fort, is a citizen and resident of the State of Arkansas and has a checking account with Simmons.

7. Defendant Simmons Bank is an Arkansas-chartered bank with 200 locations in Arkansas, Colorado, Illinois, Kansas, Missouri, Oklahoma, Tennessee, and Texas. Simmons is incorporated in Arkansas and its headquarters and principal place of business is in Pine Bluff, Arkansas; therefore, it is a citizen of Arkansas. Simmons

provides retail banking services to its customers, including Plaintiffs and members of the proposed Class.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed Class is a citizen of a different state than Simmons.

9. Simmons regularly and systematically conducts business and provides retail banking services in this district, and provides retail banking services to its customers, including Plaintiff Walkingstick and members of the putative class. As such, it is subject to the jurisdiction of this Court.

10. Venue is likewise proper in this district pursuant to 28 U.S.C. § 1391 because Simmons is subject to personal jurisdiction in this Court and regularly conducts business within this district through its multiple branches located within this district. In addition, a substantial part of the events giving rise to the claims asserted herein occurred and continue to occur in this district.

# FACTS

**I. SIMMONS ASSESSES OVERDRAFT FEES ON ACCOUNTS THAT ARE NOT OVERDRAWN.**

11. Plaintiffs have checking accounts with Simmons and opted in to Simmons's standard overdraft practices.

12. Simmons issues debit cards to its checking account customers, including Plaintiffs, which allow customers to have electronic access to their checking accounts for purchases, payments, withdrawals, and other electronic debit transactions.

13. Pursuant to its Terms and Conditions of Your Account and its Fee Schedule, Simmons charges Overdraft Fees (currently in the amount of $35) for transactions that "overdraw an account."

14. Plaintiffs' checking accounts with Simmons were at all relevant times governed by Simmons's Terms and Conditions of Your Account and its Fee Schedule, which are standardized form contracts for deposit accounts, the material terms of which are drafted by Simmons, amended by Simmons from time to time at its convenience and complete discretion, and imposed by Simmons on all of its deposit account customers.

15. Simmons's contract documents discussing Overdraft Fees promised that Simmons will only assess Overdraft Fees on "withdrawal requests that overdraw your account":

> **Overdrafts –** You understand that we may, at our discretion, honor withdrawal requests that overdraw your account. However, the fact that we may honor withdrawal requests that overdraw the account balance does not obligate us to do so later. . . . We may use subsequent deposits, including

direct deposits of social security or other governmental benefits, to cover such overdrafts and overdraft fees.

(Ex. A, Terms and Conditions of Your Account, at 5–6.)

16. Simmons's Fee Schedule likewise provides that "[a] fee may be imposed if you overdraw your account":

> A fee may be imposed if you overdraw your account. When you write a check, withdraw money in person or from an ATM, use your debit card to make a purchase, or make an automatic bill payment or other electronic payment for more than the amount in your account; you overdraw your account. Simmons Bank has the choice to either pay the item or not. If we pay even though you don't have enough money in your account; you may be charged a Paid Item Fee (Overdraft Fee).

(Ex. B, Fee Schedule, at 4.)

17. In breach of this promise, Simmons assesses Overdraft Fees on transactions that do *not* overdraw the account.

*A. Simmons Imposed Overdraft Fees on Transactions That Did Not Overdraw Plaintiffs' Accounts*

 **i. Plaintiff Walkingstick**

18. Plaintiff Walkingstick has a checking account with Simmons.

19. On November 1, 2018, Plaintiff Walkingstick was assessed a $35 Overdraft Fee on a $122.50 ATM Visa Withdrawal when his account, as demonstrated by the statement provided by Simmons, was not even negative after that ATM transaction. Therefore, the ATM transaction did not overdraw Plaintiff Walkingstick's account, yet Simmons

improperly assessed Plaintiff Walkingstick an Overdraft Fee for that transaction, in breach of Simmons's contract documents.

20. Plaintiff Walkingstick has complained to the bank about fees he has been charged, but the bank claimed the fee was correct, treated him in a disparaging way in front of other customers, and did nothing to correct the fee charged.

### ii. Plaintiff Fort

21. Plaintiff Fort has a checking account with Simmons.

22. Simmons Bank assessed $35 Overdraft Fees to Plaintiff Fort on the following transactions that, as demonstrated by the statements provided by Simmons, did not even cause the balance on her statement to go negative after the transaction:

| March 21, 2018 | $52.00 MetroPCS Mobil POS Purchase |
| January 9, 2019 | $11.98 Netflix POS Purchase |
| January 9, 2019 | $61.88 Alamo Rent-A-Car POS Purchase |
| January 10, 2019 | $8.59 Wal-Mart POS Purchase |
| January 10, 2019 | $12.48 Little Ceasars POS Purchase |
| January 10, 2019 | $13.20 Shipley Donuts POS Purchase |
| January 10, 2019 | $32.78 Shell Oil POS Purchase |
| January 22, 2019 | $8.34 Family Dollar POS Purchase |

23. Therefore, the foregoing transactions did not overdraw Plaintiff Fort's account, yet Simmons improperly assessed Plaintiff Fort an Overdraft Fee for these transactions, in breach of Simmons's contract documents.

24. Plaintiff Fort has complained to the bank multiple times about fees she has been charged, but the bank has done nothing to correct the fees that were charged.

**II.**
## CLASS ALLEGATIONS

25. Plaintiffs bring this action on behalf of themselves and as a class action on behalf of the following proposed class (the "Class"):

> All Simmons Bank checking account holders who were assessed an overdraft fee on a transaction that did not overdraw the account.

26. Plaintiffs reserve the right to modify or amend the definition of the Class as this litigation proceeds.

27. Excluded from the Class are Simmons, its parents, subsidiaries, affiliates, officers and directors, any entity in which Simmons has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

28. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

29. The Class consist of thousands of members, such that joinder of all Class members is impracticable.

30. There are questions of law and fact that are common to the Class members that relate to Simmons's practice of charging Overdraft Fees on transactions that did not overdraw an account.

31. The claims of the Plaintiffs are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiffs have no interests that are antagonistic to the interests of the Class members.

32. The Plaintiffs are adequate representatives of the Class and have retained competent legal counsel experienced in class actions and complex litigation.

33. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on Simmons's conduct. The predominant questions of law and fact in this litigation include, but are not limited to, whether Simmons:

- Imposed Overdraft Fees on transactions that did not overdraw an account;
- Breached its contract with Plaintiffs and Class members;
- Breached the covenant of good faith and fair dealing imposed on it; and
- Was unjustly enriched when it imposed Overdraft Fees on transactions that did not overdraw an account.

34. Other questions of law and fact common to the Class include the proper method or methods by which to measure damages.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would not be economically feasible for individual Class members, and certification as a class action will preserve judicial resources by allowing the common issues of the Class members to be adjudicated in a single forum, avoiding the need for duplicative hearings and discovery in individual actions that are based on an identical set of facts. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Simmons, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and Simmons's misconduct will proceed without remedy. In addition, without a class action, it is likely that many members of the Class will remain unaware of Simmons's conduct and the claims they may possess.

36. It appears that other persons who fall within the Class definitions set forth above are not pursuing similar litigation, such that individual Class members do not wish to control the prosecution of separate actions.

37. This proposed class action does not present any unique management difficulties.

## COUNT I: BREACH OF CONTRACT
**(*On behalf of Plaintiffs and the Class*)**

38. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth below.

39. Plaintiffs and Simmons have contracted for bank account deposit, checking, and debit card services. *See* Exs. A & B.

40. Simmons misconstrued in the account documents its true debit card processing and Overdraft Fee practices and breached the express terms of the account documents.

41. No contract provision authorizes Simmons to charge Overdraft Fees on transactions that did not overdraw an account.

42. Simmons breached the terms of its account documents by charging Overdraft Fees on transactions that did not overdraw an account.

43. Plaintiffs and members of the Class have performed all, or substantially all, of the obligations imposed on them under the contract.

44. Plaintiffs and members of the Class have sustained damages as a result of Simmons's breach of the contract.

## COUNT II: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
**(*On Behalf of Plaintiffs and the Class*)**

45. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth below.

46. Plaintiffs and Simmons have contracted for bank account deposit, checking, and debit card services. (*See* Exs. A & B.)

47. A duty of good faith and fair dealing is imposed on contracts between banks and their customers because banks are inherently in a superior position to their checking

account holders because from a superior vantage point they offer customers contracts of adhesion, often with terms not readily discernible to a layperson.

48. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

49. Simmons has breached the covenant of good faith and fair dealing in the contract through its policies and practices as alleged herein.

50. Plaintiffs and members of the Class have performed all, or substantially all, of the obligations imposed on them under the account documents.

51. Plaintiffs and members of the Class have sustained damages as a result of Simmons's breach of the covenant of good faith and fair dealing.

## COUNT III: UNJUST ENRICHMENT
*(On Behalf of Plaintiffs and the Class)*

52. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth below.

53. Plaintiffs and members of the Class conferred a benefit on Simmons at the expense of Plaintiffs and members of the Class when they paid improper Overdraft Fees.

54. Simmons appreciated this benefit in the form of the substantial revenue that Simmons generates from the imposition of such fees.

55. Simmons has accepted and retained such fees under inequitable and unjust circumstances.

56. Simmons should not be allowed to profit or enrich itself inequitably and unjustly at Plaintiffs' and the Class's expense and should be required to make restitution to Plaintiffs Class.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs and the Class demand a jury trial on all claims so triable and judgment as follows:

    A.    Certification for this matter to proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

    B.    Restitution of all Overdraft Fees paid to Simmons by Plaintiffs and the Class, as a result of the wrongs alleged herein in an amount to be determined at trial;

    C.    Actual damages in an amount according to proof;

    D.    Pre- and post- judgment interest at the maximum rate permitted by applicable law;

    E.    Costs and disbursements assessed by Plaintiffs in connection with this action, including reasonable attorneys' fees pursuant to applicable law;

F. For attorneys' fees under the common fund doctrine, and all other applicable law; and

G. Such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs, by counsel, demand trial by jury.

Dated: October 2, 2019            Respectfully submitted,

s/ *Lynn A. Toops*
Lynn A. Toops
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
T: (317) 636-6481
ltoops@cohenandmalad.com
*Admitted Pro Hac Vice*

Ashlea G. Schwarz, Mo. Bar 60104
Paul LLP
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
T: (816) 984-8100
Ashlea@PaulLLP.com

Christopher D. Jennings
JOHNSON FIRM
610 President Clinton Avenue, Suite 300
Little Rock, Arkansas 72201
T: (501) 372-1300
chris@yourattorney.com

J. Gerard Stranch, IV
Benjamin A. Gastel
BRANSTETTER, STRANCH
  & JENNINGS, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Phone: (615) 254-8801
gerards@bsjfirm.com

*Counsel for Plaintiffs and the Proposed Plaintiff Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 2, 2019 a true and accurate copy of the foregoing instrument was distributed to all counsel of record via the Court's electronic filing system.

                                                *s/Lynn A. Toops*
                                                Lynn A. Toops