**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| DANNY L WALKINGSTICK, WHITNYE A FORT,<br><br>Plaintiffs,<br><br>v.<br><br>SIMMONS BANK,<br><br>Defendant. | ) | Case No. 6:19-03184-CV-RK |

**ORDER**

Before the Court is Defendant Simmons Bank ("Simmons")'s motion to dismiss for failure to state a claim. (Doc. 46.) The motion is fully briefed. (Docs. 47, 48, 56.) After careful consideration, the motion is **DENIED.**

**Background**

Plaintiff brings this putative class action for breach of contract, breach of the covenant of good faith and fair dealing, and for unjust enrichment. This case arises out of allegations that Simmons charged overdraft fees on transactions which did not overdraw Plaintiffs' accounts. Plaintiffs had or have checking accounts with Simmons and opted into Simmons' standard overdraft practices. Pursuant to the terms and conditions (Doc. 39-1) (the "Deposit Agreement") and the fee schedule (Doc. 39-2), Simmons charged a $35 per item overdraft fee for transactions that overdrew an account. At the heart of this case, is how Simmons calculated a consumer's balance in determining when a customer's account was overdrawn.[1] Plaintiffs claim the Deposit Agreement required Simmons to use a ledger balance method to calculate the balance of Plaintiffs' accounts in determining whether and overdraft fee would apply. (Doc. 48.) Specifically, in the Second Amended Complaint, Plaintiffs allege that Plaintiff Walkingstick, was assessed a $35

[1] "In determining whether a customer has made a withdrawal or incurred a debit that exceeds the balance in her account—an overdraft—financial institutions typically use one of two methods of calculating the balance in a customer's account: the 'ledger' balance method or the 'available' balance method." *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1235 (11th Cir. 2019). "The ledger balance method considers only settled transactions; the available balance method considers both settled transactions and authorized but not yet settled transactions, as well as deposits placed on hold that have not yet cleared." *Id.* (citation omitted).

overdraft fee on November 1, 2018, even though "his account . . . was not even negative after that ATM transaction." (Doc. 39, ¶ 19.) Plaintiffs similarly allege that overdraft fees were charged to Plaintiff Fort on eight different occasions, even though the transactions did not "cause the balance on her statement to go negative after the transaction." (*Id.*, ¶ 22.) Simmons, on the other hand, contends the contract provides for the use of the available balance method. (Doc. 47.) Simmons moves to dismiss each of Plaintiffs' claims for failure to state a claim.

**Legal Standard**

Federal pleading rules provide that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Each allegation in a pleading must "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "No technical form" is required for pleadings and the Court construes pleadings "so as to do justice[.]" Fed. R. Civ. P. 8(e).

Rule 8's pleading standard must be read in conjunction with Rule 12(b)(6), which tests a pleading's legal sufficiency. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Arkansas Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Wilson*, 850 F.3d at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Osahar v. U.S. Postal Service*, 263 Fed. Appx. 753, 864 (8th Cir. 2008).

**Discussion**

In arguing that all claims should be dismissed, Simmons contends that Plaintiffs failed to plead compliance with the notice and cure provision of the Deposit Agreement and that Plaintiffs

failed to state a claim on each of their three claims. The Court will address each of Simmons' arguments in turn.

## I. Notice and Cure Provision

Simmons first argues Plaintiffs failed to plead compliance with the notice and cure provision of the Deposit Agreement. (Doc. 47, p. 6.) Such provision occurs on pages 10 and 11 of the 58-page Deposit Agreement and reads as follows:

> **Your duty to report errors-** In addition to your duty to review your statements for unauthorized signatures, alterations and forgeries, you agree to examine your statement with reasonable promptness for any other error - such as an encoding error. In addition, if you receive or we make available either your items or images of your items, you must examine them for any unauthorized or missing indorsements or any other problems. You agree that the time you have to examine your statement and items and report to us will depend on the circumstances. However, this time period shall not exceed 60 days. Failure to examine your statement and items and report any errors to us within 60 days of when we first send or make the statement available precludes you from asserting a claim against us for any errors on items identified in that statement and as between you and us the loss will be entirely yours.

(Doc. 39-1) (emphasis in original). Page 31 of the Deposit Agreement also contains a section entitled ERROR RESOLUTION NOTICE, which states in relevant part:

> In Case of Errors or Questions About Your Electronic Transfers, Call or Write us at the telephone number or address listed in this brochure, as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer listed on the statement or receipt. We must hear from you no later than 60 days after we sent the FIRST statement on which the problem or error appeared.

(*Id.* at 31) (emphasis in original). Plaintiffs allege that they complained to the bank about the overdraft fees being charged. (Doc. 39, ¶¶ 20, 24.) Plaintiffs also argue in their response that the notice and cure provision is inapplicable to the overdraft fees imposed by Simmons. Plaintiffs reason that the provision applies only to errors, not the intentional imposition of fees by Simmons. Plaintiffs also reason the language in the Deposit Agreement applies to conduct by third parties, such as fraud, not the acts of Simmons itself. *See Smith v. Fifth Third Bank,* No. 1:18-CV-464, 2019 WL 1746367, at *9 (S.D. Ohio Apr. 18, 2019), *report and recommendation adopted,* No. 1:18-CV-464, 2019 WL 4050946 (S.D. Ohio Aug. 28, 2019) (noting "case law suggests: (1) the notice provision does not clearly and unambiguously apply to the bank fees at issue; (2) to interpret the notice provision to apply to bank fees could be viewed as hypertechnical and unconscionable;

(3) the short 30-day time limit may be unreasonable as applied to Fifth Third's imposition of fees; and/or (4) any violation could be viewed as "harmless" in the context of adhesion contracts in the banking industry.") Simmons, on the other hand, argues that the plain language of the contract provides that a failure to timely report errors "precludes [plaintiff] from asserting a claim against [Simmons]." Simmons also argues that Plaintiffs' complaints to the bank do not satisfy the Deposit Agreement's requirement to provide notice at a designated phone number or address. Based on the authority cited, Defendant has not persuaded the Court how the notice and cure provision unequivocally precludes Plaintiff's claims. Rather, the parties' arguments on this question are dependent on the interpretation and application of the Deposit Agreement. *Tannehill v. Simmons Bank*, No. 3:19-cv-140-DPM, 2019 WL 7176777, at *1 (E.D. Ark. Oct. 21, 2019). While there may or may not be ambiguity, at this juncture, the Court is unable to find that Plaintiffs' claims fail as a matter of law. *Id.* Therefore, Simmons Motion to Dismiss will be denied on this ground.

## II. Failure to State a Claim for Breach of Contract

Simmons' next three arguments pertain to Plaintiffs' individual claims. Under Arkansas law[2], the elements for breach of contract are: "the existence of a valid and enforceable contract between the plaintiff and defendant, the obligation of defendant thereunder, a violation by the defendant, and damages resulting to plaintiff from the breach.'" *Rabalaias v. Barnett*, 683 S.W.2d 919, 921 (Ark. 1985) (citing *Williams v. Black Lumber Co.*, 628 S.W.2d 13 (Ark. 1982)). Here Plaintiffs have sufficiently pled a claim for breach of contract. First, the parties do not contest the existence of a valid contract, and Plaintiffs have pleaded the existence of the contract at issue in this case. (Doc. 39, ¶¶ 13-15.) Second, Plaintiffs pleaded Simmons breached, or violated, the contract by charging overdraft fees on transactions that did not overdraw the accounts. (*Id.* ¶ 17.) Finally, Plaintiffs pleaded they suffered damages as a result of said breach. (*Id.* ¶ 44.) The parties heavily dispute which method, ledger or available balance, was to be used by Simmons in calculating when an account became overdrawn. (Docs. 47 and 48.) However, at this stage of the proceedings, the Court must accept all well-pled allegations of the Plaintiffs as true. *Osahar*, 263 Fed. Appx. at 864. Plaintiffs have pleaded Simmons breached the contract by charging overdraft fees when accounts were not actually overdrawn, and that Plaintiffs were damaged as a result.

[2] The parties do not contest that Arkansas law applies to the substantive issues of this case.

Accepting that allegation as true for purposes of this motion, Plaintiffs have stated a claim for breach of contract. Therefore, Simmons' Motion to Dismiss will be denied on this ground.

## III. Failure to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Under Arkansas law, a claim for breach of the implied covenant of good faith and fair dealing is not a separate claim. *Tannehill*, 2019 WL 7176777, at *1 (citing *Mountain Home Flight Service, Inc. v. Baxter Cty., Ark.*, 758 F.3d 1038, 1043 (8th Cir. 2014)). However, where a plaintiff has alleged additional breaches to the contract, separate from allegations of breach of the covenant of good faith and fair dealing, courts have permitted plaintiffs' claims for breach of the covenant of good faith and fair dealing to survive. *E.g.*, *Id.*; *ICM of Am., Inc. v. Leica Geosystems, Inc.*, No: 4:16CV00160 SWW, 2016 WL 4014604, at *4 (E.D. Ark. July 26, 2016); *Hanjy v. Arvest Bank*, 94 F. Supp.3d 1012, 1028 (E.D. Ark. 2015). In this case, Plaintiffs have pled their claim for breach of the implied covenant of good faith and fair dealing as a separate count. While Defendants assert that Plaintiffs' claim for breach of the covenant of good faith and fair dealing is a stand alone claim, the Court in *Tannehill* allowed the claim to proceed where the claim was pleaded in an almost identical manner as the one in this case. 2019 WL 7176777, at *1. While the allegations of the violation of the implied covenant are not a separate claim, they survive as part of the breach of contract claim. *Id.* Therefore, Simmons' Motion to Dismiss will be denied on this ground.

## IV. Failure to State a Claim for Unjust Enrichment

Pursuant to Arkansas law, "[w]here the parties have an enforceable contract that fully addresses a subject, they must proceed on that contract in resolving their differences." *QHG of Springdale v. Archer*, 373 S.W.3d 318, 325 (Ark. Ct. App. 2009). "But where the contract fails on some basis, or does not fully address a subject . . . then the parties' contract is no bar to an unjust-enrichment claim for restitution. *Id.* (citation omitted). In accord with several other cases, at this juncture, the Court finds it cannot definitively determine whether the contract addresses every issue in this case. *E.g.*, *Tannehill*, 2019 WL 7176777, at *1; *Hanjy*, 94 F. Supp.3d at 1034-35. If the contract does not address every issue, then Plaintiffs may have a valid claim for unjust enrichment. Therefore, Simmons' motion to dismiss Plaintiffs' claim for unjust enrichment will be denied.

## Conclusion

Accordingly, and after careful consideration, Simmons' motion to dismiss for failure to state a claim (Doc. 46) is **DENIED.**

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 16, 2020