IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DANNY L. WALKINGSTICK, ) <br> WHITNYE A. FORT, on behalf of ) <br> themselves and all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SIMMONS BANK, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 6:19-cv-03184-RK <br><br> Hon. Roseann A. Ketchmark |

**DEFENDANT SIMMONS BANK'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE PURPORTEDLY IMPROPER ERRATA**

Plaintiffs have moved to strike two corrections in the errata sheet from the Zoom deposition of Simmons Bank ("Simmons")'s Rule 30(b)(6) representative, Lisa Hunter. Dkt. Nos. 79-80. Plaintiffs do not challenge the remaining corrections which, as they concede, primarily relate to transcription errors and audio issues. Pls. Br. at 2. As shown below, the two corrections Plaintiffs challenge are entirely proper under the federal rules and applicable case law. The corrections do not contradict but rather clarify Ms. Hunter's testimony and are necessary in order for Ms. Hunter to be able to attest to the accuracy and completeness of the deposition transcript. Plaintiffs' motion to strike the two corrections is without merit and should be denied.

**ARGUMENT**

Errata sheets are governed by Rule 30(e)(1) of the Federal Rules of Civil Procedure. Plaintiffs acknowledge that Rule 30(e)(1) governs (Pls. Br. at 2), but tellingly, Plaintiffs never address its actual language. Rule 30(e)(1) provides that:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being

1

>
> notified by the officer that the transcript or recording is available in which:
>
> (A)  to review the transcript or recording; and
>
> (B)  if there are changes *in form or substance*, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1) (emphasis added). Rule 30(e)(1) therefore expressly allows a witness to make changes to the "substance" of her testimony in an errata sheet.

The Eighth Circuit has not addressed the precise meaning of "changes in form or substance" in Rule 30(e)(1). Some courts within the Eighth Circuit have followed the rule's plain language and held that "the language of the Rule places no limitations on the type of changes that may be made by a witness" and that a witness may make substantive changes "even if the changes contradict the original answers." *ADT Sec. Servs., Inc. v. Swenson*, 2010 WL 276234, at *7 (D. Minn. Jan. 15, 2010), *aff'd in relevant part*, 2010 WL 2954545 (D. Minn. July 26, 2010); *see Colin v. Thompson*, 16 F.R.D. 194, 195 (W.D. Mo. 1954) (holding that "[t]here is no doubt of the right of the witness … to change either the 'form or substance' of his answers given in his deposition" and that "[w]hether his reasons are good or not will not impair his right to make the changes"); *Brown v. West Corp.*, 2014 WL 1794870, at *3 (D. Neb. May 6, 2014) (holding that Rule 30(e)(1) "does not provide for judicial checks on the changes deponents wish to make").[1] Plaintiffs do not acknowledge any of this case law in their motion to strike.

---

[1] *Accord Morse v. Walgreens Co.*, 2011 WL 3468367, at *1 n.3 (D. Minn. Aug. 8, 2011) (explaining that Rule 30(e)(1) "expressly permit[s] a witness to change her testimony following review of a deposition transcript" and make changes "in form or *substance*") (emphasis in original); *Receivables Purchasing Co v. Eng'g & Prof'l Servs., Inc.*, 2006 WL 1096365 (W.D. Ark. Apr. 25, 2006) ("In the errata sheet, [the witness] has given reasons for each of his changes, as required by the rule, and it is not for this court to examine the sufficiency, reasonableness or legitimacy of the reasons given, even if the changes are unconvincing."); *see also Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (holding that Rule 30(e)(1) "places no limitations on the type of changes that may be made[,] … nor does the Rule require a judge to

Other courts within the Eighth Circuit have placed some limits on the types of corrections allowed under Rule 30(e)(1) but still permit substantive changes that clarify and qualify testimony so long as the testimony is not materially contradicted without sufficient explanation. *See, e.g., In re Genetically Modified Rice Litig.*, 2010 WL 3938376, at *1-2 (E.D. Mo. Oct. 5, 2010) (denying motion to strike errata sheet and allowing changes that expanded or qualified testimony by adding new clauses and more equivocal phrasing); *Platts v. Kelly Servs., Inc.*, 2015 WL 3378257, at *6-7 (N.D. Iowa May 26, 2015) (denying motion to strike errata sheet and allowing witness to change answer to question about whether he would work for a company again from "no" to "maybe" because he provided a reasonable explanation for the change).[2]

Under either standard, the two corrections at issue here are easily permissible. First, Plaintiffs accuse Ms. Hunter of changing an answer concerning the account balance Simmons uses with respect to certain dormant accounts from "available balance" to "ledger balance." Pls. Br. at 3-4. Plaintiffs argue that this is the equivalent of changing a "yes" to a "no" and allegedly constitutes a "direct contradiction." *Id.* But Plaintiffs conveniently omit Ms. Hunter's full testimony, which made it clear that Ms. Hunter would need to confirm which type of balance was used in the document because she was not certain:

> Q. And last question, on 16 under Dormant Accounts, the second line, it states if the balance in the account falls below a hundred. Do you see that?
> A. Yes.
> Q. Which balance is that referring to?
> A. Available balance.
> Q. But it doesn't say that, correct?

---

examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes—even if those reasons are unconvincing") (internal quotation marks and citation omitted).
[2] *See also EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253 (3d Cir. 2010) (holding that courts can strike corrections in errata sheets if corrections "materially contradict prior deposition testimony" and "the party proffering the changes fails to provide sufficient justification").

3

> A. ***No, I'm going to – I'm going to go back. I need to – I need to confirm that it's available balance.***
> Q. Okay. Because you don't know if it's available or current balance, right?
> A. ***I'm not certain.***

Pls. Br. Ex. 1 at 53 (emphasis added). Just as she said she would do, Ms. Hunter went back after the deposition and confirmed that the document at issue was referring to the ledger balance, not the available balance. There is no contradiction here—Ms. Hunter made clear at the deposition that she was "not certain" and would "go back" to "confirm."

Second, Plaintiffs take issue with the following question and answer concerning Simmons's use of an automated third-party system to process checking account transactions—Jack Henry's SilverLake (with original answer in strike through and correction in italics):

> Q. Did the bank try to ever improve compliance with its contract documents by having the Jack Henry SilverLake system monitor whether its overdraft fee assessment complied with contract documents?
> MS. BOGO-ERNST: Object to form.
> A. ~~Not that I'm aware of~~. *We regularly reviewed the parameters on the SilverLake system to ensure they aligned with the bank's contract documents.*

Pls. Br. at 4.

As Simmons's counsel's form objection suggests, the question was poorly worded—SilverLake is an automated bank core processing system and cannot itself "monitor" overdraft fees for compliance with contracts. As a result, Ms. Hunter answered, "Not that I'm aware of." In reviewing the transcript, however, Ms. Hunter sought to clarify that while SilverLake itself does not monitor compliance with contracts, Simmons regularly reviewed the parameters on the SilverLake system to ensure that they aligned with its contracts. This is exactly the sort of clarification that any interpretation of Rule 30(e)(1) allows. Simmons is not seeking to contradict Ms. Hunter's original answer, nor does it lack a reasonable explanation for the correction.

4

Notably, the two corrections at issue here are a far cry from Plaintiffs' cases within the Eighth Circuit where courts struck errata sheets.  Pls. Br. at 2-3 & n.1-2.  In *Cham v. McNeilus Truck & Mfg., Inc.*, 2012 WL 12873768, at *3 (D. Minn. July 9, 2012), the court struck an errata sheet that included nearly 400 changes, many of which involved direct contradictions such as changing a response from "Yes" to "Definitely no."  The court rejected "numerous, wholesale changes" that "essentially would render hours of deposition testimony meaningless."  *Id.*  And in *Elsherif v. Mayo Clinic*, 2020 WL 5015825, at *5-6 (D. Minn. Aug. 25, 2020), the errata sheet contained 98 changes, many of which were direct contradictions of prior testimony.  The court rejected the "vast number" of "radical" changes.  *Id.*  Plaintiffs cite no authority striking two corrections which, as shown above, are neither unexplained nor contradictions.

## **CONCLUSION**

Plaintiffs' attempt to bind Simmons to two answers given by Ms. Hunter that are incomplete, under rules that expressly allow substantive changes, is neither sensible or just.  For the foregoing reasons, Simmons respectfully requests that the Court deny Plaintiffs' motion to strike.

Dated: October 15, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/　　Jason C. Smith　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　Jason C. Smith, MO Bar No. 57657
　　　　　　　　　　　　　　　　　　　　Rodney H. Nichols, MO Bar No. 45741
　　　　　　　　　　　　　　　　　　　　SPENCER FANE LLP
　　　　　　　　　　　　　　　　　　　　2144 E. Republic Road, Suite B300
　　　　　　　　　　　　　　　　　　　　Springfield, MO 65804
　　　　　　　　　　　　　　　　　　　　Telephone: 417-888-1000
　　　　　　　　　　　　　　　　　　　　Facsimile: 417-881-8035
　　　　　　　　　　　　　　　　　　　　jcsmith@spencerfane.com
　　　　　　　　　　　　　　　　　　　　rnichols@spencerfane.com

Debra Bogo-Ernst (*pro hac vice*)
Matthew C. Sostrin (*pro hac vice forthcoming*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600 Telephone
(312) 701-7711 Facsimile
dernst@mayerbrown.com
msostrin@mayerbrown.com

*Attorneys for Simmons Bank*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 15th day of October, 2020, a true and accurate copy of the foregoing instrument was filed with the Court's electronic filing system, which sent notice of such filing to the attorneys of record in this case.

                                                */s/ Jason C. Smith*