IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANNY L WALKINGSTICK, WHITNYE A FORT, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 6:19-03184-CV-RK |
| v. | ) ) | |
| SIMMONS BANK, | ) ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO STRIKE IMPROPER ERRATA**

Before the Court is Plaintiffs' motion to strike improper errata. (Doc. 79.) The motion is fully briefed. (Docs. 80, 82, 88.) After careful consideration the motion is **GRANTED**.

On August 5, 2020, Plaintiffs took the deposition of Simmons Executive Vice President of Operations Lisa Hunter. On September 10, 2020, Ms. Hunter presented her errata, which contained around 45 corrections to the transcript. (Doc. 80-2.) While some corrections related to transcription errors or audio issues, other changes materially alter or contradict the sworn testimony of Ms. Hunter.

Federal Rule of Civil Procedure 30(e) governs how and when a deponent may review his or her deposition testimony and make changes, stating:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed.R.Civ.P. 30(e)(1).

"Many courts read this language broadly to allow a deponent to make any changes to the testimony, as long as the alterations satisfy the procedural requirements of the rule." *Cham v. McNeilus Truck & Mfg., Inc.*, No. CV 11-2569 (DWF/JJG), 2012 WL 12873768, at *2 (D. Minn. July 9, 2012) (collecting cases). However, "[a] minority, but rapidly expanding, number of courts holds the contrary: that Rule 30(e) does not allow a deponent to make substantive or contradictory

1

changes to prior sworn testimony." *Id.* (collecting cases). "These cases typically allow only corrections of court reporter errors, whether they be in form or substance, or changes that do not contradict earlier testimony." The Eighth Circuit has not directly addressed this issue. The Court here agrees with the cases holding limitations exist for Rule 30(e). As other courts have said, depositions are not take-home exams, and a deponent should not be able to materially alter their testimony after the fact and most likely with the direct assistance of counsel. Such would transform live deposition testimony into another version of written discovery and thwart the purposes of depositions.

Here, Plaintiffs seek to strike two changes to Ms. Hunt's testimony. The Court will address each in turn. First, Plaintiffs take issue with Ms. Hunt's errata seeking to change "available balance" to "ledger balance" on page 53 of her deposition. The two terms are central to the litigation and the determination of which balance is referred to may determine which party prevails in this lawsuit. (*See* Doc. 59, order denying motion to dismiss). As such, Ms. Hunt now seeks to materially alter her testimony, essentially changing her answer from a "yes" to a "no." Therefore, the errata changing Ms. Hunt's answer from "available balance" to "ledger balance" on page 53, line 10 of Ms. Hunt's deposition will be stricken.

Second, Plaintiffs object to Ms. Hunt changing her answer to the question, "Did the bank try to ever improve compliance with its contract documents by having the Jack Henry SilverLake system monitor whether its overdraft fee assessment complied with its contract documents?" Ms. Hunt seeks to change her answer from "Not that I am aware of" to "We regularly reviewed the parameters on the SilverLake system to ensure they aligned with the bank's contract documents." (Doc. 80-2.) This again seeks to materially alter her previously sworn testimony. Indeed, these are not minor changes due to technical or audio issues, but changes that may dramatically impact not only the scope of Ms. Hunt's deposition, but the entirety of this litigation as well. As such, Ms. Hunt's errata seeking to change her answer on page 140, line 11 of her deposition will be stricken.

Material changes to deposition testimony are not permitted under Rule 30(e). To allow as such "would be unjust and inefficient." *Cham*, 2012 WL 12873768, at *3. It would also negate a central purpose of depositions: to get live, in-person responses to questions. Rather, it would transform depositions into a form of written discovery, act like a take home exam, and require additional, follow-up depositions, increasing the time and expense of litigation. Here, Plaintiffs

2

Case 6:19-cv-03184-RK   Document 93   Filed 11/23/20   Page 2 of 3

have shown two errata where Ms. Hunt materially altered her testimony.  Therefore, Plaintiffs' motion to strike the mentioned portions of the errata will be **GRANTED** and the errata are stricken.  Of course, Defendant may elicit different testimony from Ms. Hunt at trial in an effort to contradict or clarify her previously sworn testimony.  Such, of course, would be subject to the rigors of cross-examination and impeachment.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  November 23, 2020