## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

DANNY L WALKINGSTICK, WHITNYE )
A FORT, )
 )
    Plaintiffs, )
 )  Case No. 6:19-cv-03184-RK
    v. )
 )
SIMMONS BANK, )
 )
    Defendant. )

## PRELIMINARY APPROVAL ORDER

   This is a putative class action lawsuit concerning overdraft fees on debit card transactions charged by Defendant. Before the Court is Plaintiffs' unopposed motions seeking preliminary approval of class action settlement and conditional certification of a settlement class ("Motions"). (Docs. 154, 157.) The Court has carefully reviewed and considered the record, including Plaintiff's suggestions in support of their unopposed motions (Doc. 155), and the proposed Settlement Agreement and Release ("Settlement Agreement"), as well as the declaration of Lynn A. Toops and other exhibits contained within Plaintiffs' filings. Accordingly, the Court rules as follows:

   1. This Order incorporates the definitions of the Settlement Agreement,[1] and capitalized terms shall have the same meaning as defined in the Settlement Agreement unless stated otherwise.

   2. The Court preliminarily finds the Settlement Agreement is fair, reasonable, and adequate, in that: (a) the Plaintiffs and Class Counsel have adequately represented the class; (b) the settlement was negotiated by experienced counsel at arm's length including through mediation conducted by an experienced mediator; (c) the settlement provides adequate relief for the Class, taking into account the costs, risks, and delay of trial and appeal, the likely attorney's fees to be awarded, the effectiveness of the proposed method of distributing relief to the Class, and all agreements related to the settlement identified by Class Counsel; (d) the settlement treats all Class

---

[1] *See* Doc. 155-1 at 6-39.

Members equitably relative to each other; and (e) the settlement provides Class Members with an opportunity to opt out and to object.

Additionally, the Court preliminarily finds the Settlement is likely to be fair, reasonable, and adequate in light of the merits of the plaintiffs' case weighed against the terms of the Settlement, the Defendant's financial condition, the complexity and expense of further litigation, and the anticipated amount of opposition to the Settlement.

3. The Court preliminarily finds, for settlement purposes only and subject to the Settlement Agreement, that the proposed Settlement Class satisfies the prerequisites for a settlement class action under Federal Rule of Civil Procedure 23 and, pursuant to Rule 23(b)(3), conditionally certifies the Settlement Class. In particular, the Court finds, for purposes of settlement only, that the following requirements are met: (a) the below-described Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of the Class; (d) Plaintiffs will fairly and adequately protect the interests of the Class; (e) the questions of fact or law common to the Class Members predominate over the questions affecting only individual members; and (f) certification of the Class is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Accordingly, for purposes of the settlement only and subject to the Settlement Agreement, the Court conditionally certifies the following Class under Rule 23 of the Federal Rules of Civil Procedure:

> All current and former holders of a Simmons Bank personal or business checking account, regardless of the state of residence or citizenship of its account holder who, during the Class Period, incurred one or more Overdraft Fees or NSF fees when the Available Balance in the customer's Simmons account was negative but the customer's Ledger Balance (or any other account balance) in their Simmons's account was positive.

The Court excludes from the Class all judicial officers presiding over this Litigation and their staff, and any of their immediate family members as well as Plaintiffs' counsel and Simmons' officers and employees.

5. The persons potentially comprising the Class and to whom Notice is to be emailed or mailed are identified in the Notice Database, as defined in the Settlement Agreement, which data will be maintained as indicated in the Settlement Agreement.

6.     For purposes of settlement only and subject to the Settlement Agreement, the Court finds the "Class Period" means May 22, 2014, up to and including the date of this Order.

7.     Plaintiffs Danny L. Walkingstick and Whitnye A. Fort are hereby preliminarily appointed and designated as Class Representatives. The Court preliminarily finds that each will fairly and adequately represent and protect the interests of the absent Class Members.

8.     The Court appoints Lynn A. Toops of Cohen & Malad, LLP; Ashlea G. Schwarz of Paul LLP; Christopher D. Jennings of Johnson Firm; J. Gerard Stranch, IV of Brannstetter, Stranch & Jennings, PLLC; and Jeffrey D. Kaliel of Kaliel Gold PLLC, as Settlement Class Counsel. The Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of the absent Class Members.

9.     Class Counsel is authorized to act on behalf of the Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement Agreement, and such other acts reasonably necessary to consummate the Settlement Agreement. Any Class Member may enter an appearance through counsel of his or her own choosing and at his or her own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

10.     The Court approves KCC Class Action Services LLC to serve as the Settlement Administrator in this Litigation, and to fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Settlement Agreement and this Order. By accepting this appointment, the Settlement Administrator has agreed to the Court's jurisdiction solely for purpose of enforcement of the Settlement Administrator's obligations under the Settlement Agreement.

11.     Except as provided in the Settlement Agreement with respect to the *Wilkins* Litigation,[2] any information comprising or derived from the Notice Database or Class List provided to the Settlement Administrator pursuant to the Settlement Agreement shall be provided solely for the purpose of providing Notice, or following final approval, Cash Awards or Charge Offs, to the Class Members and informing such Class Members about their rights further to this Settlement, shall be kept in strict confidence, shall not be disclosed to any third party other than as

---

[2] As stated in the Settlement Agreement, "*Wilkins* Litigation" refers to *Wilkins v. Simmons Bank*, No. 3:20-cv-00166 (E.D. Ark.) (Judge D.P. Marshall, Jr.).

set forth in the Settlement Agreement to effectuate the terms of the Agreement or the administration process, shall be used for no other cases, and shall be used for no other purpose. To the extent that a Settlement Class Member has a question, Defendant shall disclose information about the identity of Settlement Class Members to the limited extent required for Class Counsel to provide necessary assistance in response to such a question.

12.     To the extent that any federal or state law governing the disclosure and use of consumers' financial information permits such disclosure only as required by an order of a court, this Order authorizes and requires the production of such information subject to this Order's protections.

13.     A Final Approval Hearing shall be held before this Court on November 3, 2022 at 10:30 AM to address, among other things:  (a) whether the Court should finally certify the Settlement Class and whether the Class Representatives and Class Counsel have adequately represented the Settlement Class; (b) whether the proposed settlement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order and Judgment should be entered; (c) whether the Released Claims of the Settlement Class in this Litigation should be dismissed on the merits and with prejudice; (d) whether Class Counsel's Attorney's Fees and Costs application and the Service Award for Named Plaintiffs should be approved; and (e) such other matters as the Court may deem necessary or appropriate.

The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.  After the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members with respect to the Released Claims being settled.  The Court may finally approve the settlement at or after the Final Approval Hearing with any modifications agreed to by Simmons and the Class Representatives and without further notice to the Settlement Class, except such notice as may be provided through the Settlement Website.

14.     Papers in support of final approval of the Settlement, and in support of or opposition to the Service Award to the Class Representatives and Class Counsel's Attorney's Fees and Costs application shall be filed with the Court according to the schedule set forth in paragraph 27, below.

15.     The Court approves, as to form and content, the use of a short-form Email Notice and Postcard Notice (together, the "Notice") substantially similar to the forms attached as Exhibits

4

3 and 4 to the Settlement Agreement,[3] respectively. The Postcard Notice will be provided to Class Members by first-class U.S. mail using Defendant's records as well as other investigations deemed appropriate by the Settlement Administrator, updated by the Settlement Administrator in the normal course of business. The Postcard Notice shall be mailed within 45 days of the date of entry of this Preliminary Approval Order (the Notice Deadline). The Email Notice will be emailed to Defendant-accountholders who have provided their email address to Defendant, within 45 days of the date of entry of this Preliminary Approval Order.

In the event the Postcard Notice is returned undeliverable with a forwarding address, the Settlement Administrator shall promptly re-mail the Postcard Notice to the indicated forwarding address. In the event the Postcard Notice is returned undeliverable without a forwarding address, the Settlement Administrator shall promptly perform reasonable address traces for such returned notices in accordance with the Settlement Agreement. The Settlement Administrator shall complete the remailing of Mailed Notices to those Class Members who were identified as of that time through address traces or forwarding addresses promptly and within no later than 15 days after the initial Notice Deadline.

In the event the Email Notice is returned as undeliverable or invalid, the Settlement Administrator shall promptly mail the Postcard Notice via first-class U.S. mail to the most recent known address, based on Defendant's records as well as other investigations deemed appropriate by the Settlement Administrator, within 15 days after he initial Notice Deadline.

Except as set forth herein, there shall be no further obligation or attempt to obtain a forwarding address for any such returned mail or to further re-mail any such Postcard Notice, Email Notice, or returned mail.

16.    The Court also approves, as to form and content, the use of the Long Form Notice, substantially similar to the form attached as Exhibit 5 to the Settlement Agreement.[4] The Long Form Notice will be posted on the Settlement Website established by the Settlement Administrator, as set forth under the Settlement Agreement, within 45 days of the date of the entry of this Preliminary Approval Order (the Notice Deadline).

---

[3] *See* Doc. 155-1 at 67-68 (Postcard Notice), 69-72 (Email Notice).
[4] *See* Doc. 155-1 at 73-82

17.     Prior to the Final Approval Hearing, the Settlement Administrator will submit to the Court a declaration of compliance with (1) the notice provisions, and (2) the notice re-mailing provisions.

18.     The Settlement Administrator shall have the discretion to make revisions to the format of the Notice in a reasonable manner to reduce mailing or administrative costs. Non-substantive changes may be made to the Notice by agreement of the Parties without further order of the Court.

19.     The Notice, as directed in this Order and set forth in the Settlement Agreement, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this Litigation and of their right to object to the settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice Program is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive such notice and that it meets the requirements of due process and of Federal Rule of Civil Procedure 23.

20.     The cost of Notice and Administrative Expenses shall be paid from the Settlement Fund, as provided for in the Settlement Agreement.

21.     Any Class Member who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than 45 days following the Notice Deadline.

22.     Each request for exclusion, or "Opt-Out", must be personally signed by the individual Class Member. "Mass" or "class" opt-outs shall not be allowed. Further, to be valid and treated as a successful exclusion or "Opt-Out," the request must include: (i) the requester's full name, address, the last four digits of the account number, and contact telephone number or email address; (ii) the case name and number of this Litigation; (iii) an unequivocal statement that the requestor desires to be excluded from the Settlement Class, and (iv) the requestor's signature.

23.     No person shall purport to exercise any exclusion rights for any other person, or purport to exclude any other Class Member as a group, aggregate, or class involving more than one Class Member, or as an agent or representative. Any such purported exclusion shall be void and the person that is the subject of the purported opt-out shall be treated as a member of the Settlement Class and be bound by the Settlement.

6

24.     Any Settlement Class Member who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the settlement or appear at the Final Approval Hearing.

25.     Any Class Member who does not submit a valid and timely request for exclusion may object to the proposed Settlement. Any such Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Class Member's own expense. Any such Class Member must file with the Court and mail to the Settlement Administrator a written notice of intention to appear together with supporting papers, including a detailed statement of the specific objections made, delivered or postmarked no later than the Objection Deadline.[5]

Each Objection must state:  (a) the case name and number of this Litigation; (b) the objector's full name, current address, and the last four digits of the account number of any Simmons account the objector claims was charged Challenged Fees in this Litigation; (c) a statement that the Settlement Class Member objects to the Settlement, in whole or in part; (d) the reasons why the objector objects to the settlement along with copies any documents or other supporting materials; (e) the identity of any lawyer who assisted, provided advice, or represents the objector as to this case or such objection, if any; (f) whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing either pro se or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing; and (g) the objector's original signature.

Persons wishing to speak at the hearing must file by the same Objection Deadline a Notice of Intent to Appear containing such information as explained fully in the approved Notices. Any Settlement Class Member that fails to object in the manner set forth herein shall be deemed to have waived, and shall forever be foreclosed from raising, any objection or opposition, by appeal, collateral attack, or otherwise and shall be bound by all of the terms of this settlement upon Final Approval and by all proceedings, orders and judgments, including but not limited to the Release in the Litigation.

---

[5] Pursuant to the scheduled adopted *supra* in paragraph 27 of this order, the Objection Deadline is October 20, 2022.

26.    Pending entry of the Final Approval Order and Judgment, the Plaintiffs, Class Members, and any person or entity purporting to act on their behalf, are preliminary enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any Released Claim against any of the Released Parties in any action, arbitration or proceeding in any court, arbitration forum, or tribunal; provided, however, that this injunction shall not apply to individual claims of any Class Members who timely exclude themselves in a manner that complies with this Order and Settlement Agreement.  This injunction is necessary to protect and effectuate the settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

27.    Further settlement proceedings in this matter shall proceed according to the following schedule:

| EVENT | SCHEDULED DEADLINE |
|---|---|
| Notice deadline (short-form Postcard Notice, Email Notice, and Long Form website posting) | 45 days after entry of this Order |
| Attorney's Fees and Costs and Service Award application | 15 days before Objection Deadline |
| Last day for Class Members to opt out of Settlement ("Opt-Out Deadline") | 45 days after Notice Deadline |
| Last day for Class Members to Object to the Settlement ("Objection Deadline") | 45 days after Notice Deadline |
| Briefs in support of Final Approval or Opposition to any Objections | 14 days prior to the Final Approval Hearing |
| Defendant to file certification regarding CAFA notice requirements | 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | November 3, 2022 at 10:30 AM |

Case 6:19-cv-03184-RK   Document 160   Filed 06/29/22   Page 8 of 10

28.     Service of all papers on counsel for the parties shall be made as follows:  for Settlement Class Counsel to Lynn A. Toops, Cohen & Malad, LLP, One Indiana Square, Suite 1400, Indianapolis, Indiana 46204; for Defendant to Debra Bogo-Ernst, Mayer Brown LLP, 71 S. Wacker Dr., Chicago, IL 60606.

29.     The address of this Court for purposes of any Objection as provided for in paragraph 25 is:  Clerk of the Court, U.S. District Court for the Western District of Missouri, Charles Evans Whittaker U.S. Courthouse, 400 E. 9th Street, Kansas City, MO 64106.

30.     In the event that a Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Litigation or any other action.  In such event the Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

31.     Any deadlines set in this Preliminary Approval Order may be extended, or other aspects of the settlement modified, by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such orders shall be posted by the Settlement Administrator to the Settlement Website that the Settlement Administrator will establish and maintain in accordance with the Agreement. Class Members should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of deadlines, orders entered by the Court, and other information regarding the Settlement.

32.     The Parties are hereby authorized to establish the means necessary to administer the Settlement.

33.     All discovery and other litigation activity and proceedings in this Litigation, other than as necessary to carry out the terms and conditions of the settlement or the responsibilities related thereto, are hereby suspended and stayed pending final approval of the settlement and further order of this Court.

34.     Nothing contained in this Order is, or may be construed as, an admission, concession, or indication of the validity of any claims or defenses in the Litigation, or of any wrongdoing, liability, or violation by Defendant.

**IT IS SO ORDERED.**

                                           s/ Roseann A. Ketchmark
                                           ROSEANN A. KETCHMARK, JUDGE
                                           UNITED STATES DISTRICT COURT

DATED:  June 29, 2022.